# United States Court of Appeals for the Federal Circuit

---

April 28, 2017
**ERRATA**

---

Appeal No. 2015-5084

**REOFORCE, INC., THEODORE SIMONSON, RONALD STEHN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

Decided:  March 17, 2017
Precedential Opinion

---

Please make the following changes:

On page 4, lines 4-13, delete:

> Once established, a mining claimant receives "a 'patent,' that is, an official document issued by the United States attesting that fee title to the land is in the private owner." *Kunkes v. United States*, 78 F.3d 1549, 1551 (Fed. Cir. 1996).  A patented mining claim is "a property right in the full sense." *Union Oil Co. v. Smith*, 249 U.S. 337, 349 (1919).

Until a patent issues, the mining claim-
ant has an "unpatented" mining claim, a
"unique form of property." *Best*, 371
U.S. at 335–36.

Replace the deleted language with this paragraph:

The Mining Law allows the holder of a
valid mining claim to apply for "a 'pa-
tent,' that is, an official document is-
sued by the United States attesting that
fee title to the land is in the private
owner." *Kunkes v. United States*, 78
F.3d 1549, 1551 (Fed. Cir. 1996). **[in-
sert footnote 1]** Until a patent issues,
however, the mining claimant has an
"unpatented" mining claim, a "unique
form of property." *Best*, 371 U.S. at 335–
36; *see also Union Oil Co. v. Smith*, 249
U.S. 337, 349 (1919) (an unpatented
mining claim is "a property right in the
full sense").

**Insert Footnote 1, as indicated above, to read:**

"Since 1994, Congress has imposed a
moratorium on the processing of new
patent applications. *See* Interior and
Related Agencies Appropriations Act of
1995, Pub. L. No. 103-332, 108 Stat.
2499 (1994)."

The following paragraph should start with the sen-
tence currently at page 4, line 13:

"An unpatented claim…"